IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WARREN AIKEN, JR.,
Inmate #638367,
    Plaintiff,

vs.                                        Case No.:  3:15cv141/LAC/EMT

CAPTAIN WILLIAMS, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

       This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 1) and motion to proceed in forma pauperis (doc. 2).

       Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis under certain circumstances, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time

he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three federal civil actions previously filed by Plaintiff, while incarcerated, which were dismissed as frivolous. *See* Aiken v. Tringali, et al., No. 3:06cv37-J-12TEM, 2006 WL 208768 (M.D. Fla. Jan. 26, 2006) (dismissing as frivolous civil rights complaint Plaintiff filed while incarcerated); Aiken v. Respondent(s) M.D. Medical, et al., No. 3:07cv502-J-33TEM (M.D. Fla. June 13, 2007) (dismissing as frivolous civil rights complaint Plaintiff filed while incarcerated); Aiken v. Mr. Davis, et al., No. 3:07cv558-J-12HTS, 2007 WL 2002479 (M.D. Fla. July 5, 2007) (dismissing as frivolous civil rights complaint Plaintiff filed while incarcerated). Indeed, this district court has recognized Plaintiff's status as a "three striker." *See* Aiken v. Seltzer, No. 3:13cv562/MCR/CJK, 2013 WL 6196544 (N.D. Fla. Nov. 27, 2013). The foregoing cases may be positively identified as having been filed by Plaintiff, because they bear his Florida Department of Corrections' inmate number, DC# 638376.[1] Accordingly, Plaintiff may not litigate this case in forma pauperis unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown, *supra*.

Plaintiff's complaint is devoid of any allegations suggesting that he is under imminent danger of serious physical injury. Because Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *See* Dupree, 284 F.3d at 1236. Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

---

[1] As noted by the United States District Court for the Middle District of Florida in dismissing, under 28 U.S.C. § 1915(g), a civil rights case Plaintiff filed in that district: "Plaintiff is not a stranger to the federal court system. According to a PACER website search, Plaintiff has filed approximately sixty-seven prisoner civil rights actions." Aiken v. U.S. District Court Prosecutor, Miss Adams, No. 5:13cv384-JES-PRL, at p. 2 n.1 (M.D. Fla. Aug. 19, 2013).

Case No.: 3:15cv141/LAC/EMT

...

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 30th day of April 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only**.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636**; **United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).